IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HAT,<br><br>          Plaintiff,<br><br>     vs.<br><br>DEPOSITORS INSURANCE COMPANY, and DOES 1-100,<br><br>          Defendants. | Case No. 2:07-CV-00745-RRB-GGH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

At Docket 8 is Defendant Depositors Insurance Company ("Defendant") with a Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. Defendant argues that: (1) it did not breach any provision of the relevant insurance contract with Plaintiff Amanda Hat ("Plaintiff")][1]; (2) absent a breach of said insurance contract, as a matter of law it could not have breached the implied covenant of good faith and fair dealing[2]; and (3) it could not have acted in bad faith because there existed a genuine dispute with

---

[1]   Docket 8 at 4.

[2]   <u>Id.</u>

respect to the value of Plaintiff's uninsured motorist claim.[3] The motion is opposed at Dockets 12, 13, and 14. For reasons more carefully articulated herein, Defendant's motion is hereby **GRANTED**.[4]

## II.  FACTS

Following an automobile accident with an uninsured motorist in which she sustained injuries, Plaintiff sought coverage under her automobile policy (the "Policy"). Defendant investigated the claim and, when it confirmed that the adverse driver was uninsured, opened an uninsured motorist claim for Plaintiff.[5] The Policy had a $500,000 limit for uninsured motorist coverage.[6]

On or about October 10, 2002, and in accordance with the Policy, Plaintiff demanded arbitration.[7] Approximately two years later and after Defendant alleges it completed its evaluation of Plaintiff's "uninsured motorist bodily injury claim," Defendant

---

[3] Id.

[4] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

[5]  Docket 8 at 4.

[6]  Id. at 2.

[7]  Id., Ex. D.

offered a settlement figure of $125,000 to fully conclude the same.[8] Plaintiff rejected the offer and again demanded arbitration, asserting that her claim was worth more than the $500,000 Policy limit.[9]

> [Defendant] agreed to arbitrate the matter and hired counsel to represent it at the arbitration. After some discovery was conducted, [Defendant] proposed mediation in an effort to settle the claim before the [binding] arbitration. Plaintiff and [Defendant] participated in mediation on December 28, 2005, but the claim did not settle. An arbitration hearing was scheduled for August 1, 2006[,] before the Honorable Paul Ramirez. Before the arbitration hearing convened, Plaintiff accepted $350,000 to settle her claim. Subsequently, Plaintiff and her counsel executed a settlement agreement and release.[10]

Specifically, the settlement did <u>not</u> include the bad faith action that is presently before the Court.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[11] The moving party need not present evidence; it need only point out the

---

[8] <u>Id.</u>, Ex. G.

[9] <u>Id.</u> at 3.

[10] <u>Id.</u> at 3-4 (citations omitted).

[11] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

lack of any genuine dispute as to material fact.[12]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[13]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[14]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[15]

**IV. DISCUSSION**

Plaintiff was involved in an automobile accident, submitted an uninsured motorist claim to Defendant, demanded arbitration, and asserted that her claim was worth more than the Policy limit of $500,000.[16]  Defendant subsequently tendered a settlement offer of $125,000, which Plaintiff rejected.  Notwithstanding, Plaintiff agreed to participate in a mediation, which failed, and later accepted $350,000 in settlement of her claim before the scheduled

---

[12] Id. at 323-325.

[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[14] Id. at 255.

[15] Id. at 248-9.

[16] Docket 8 at 8.

arbitration, which she demanded, took place.[17]  As a consequence, the Court concludes Defendant did <u>not</u> fail to comply with any of its obligations under the Policy;[18] nor, as a result, and/or as a matter of law, did it breach the implied covenant of good faith and fair dealing.[19]

Moreover, inasmuch as the parties: (1) had differing views as to the value of Plaintiff's claim; and (2) eventually agreed to settle Plaintiff's claim for an amount between the two parties' positions,[20] the Court further concludes, as a matter of law, that a genuine dispute existed as to the amount payable on the claim.[21] Because such a dispute existed, Defendant did <u>not</u> act in bad faith.[22]

---

[17]  <u>Id.</u>

[18]  <u>Id.</u> at 6.  Pursuant to California law,

> To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a contract, (2) the plaintiff's performance or excuse for non-performance, (3) <u>the defendant's nonperformance</u>, and (4) the resulting damages.

<u>Moncada v. Allstate Ins. Co.</u>, 471 F. Supp. 2d 987, 992 (N.D. Cal. 2006)(citation omitted)(emphasis added).

[19]  "If Plaintiff cannot prove that benefits were due under the Policy, then she <u>cannot</u> prove a breach of the implied covenant." Docket 8 at 6 (<u>citing</u> <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1151-52 (Cal. App. 4th 1990))(emphasis added).

[20]  <u>Id.</u> at 8.

[21]  <u>Id.</u>

[22]  "It is now established in California that where there is a genuine dispute concerning the nature and extent of coverage or the value of an insured's claim, an insurer <u>cannot</u> be held liable for bad

**V.   CONCLUSION**

Having throughly reviewed the relevant pleadings, affidavits, etc., and for good cause shown, Defendant's motion at **Docket 8** is hereby **GRANTED**. Any and all remaining claims are **DISMISSED** as moot and this matter is closed.

ENTERED this 21st day of September 2007.

```
                               S/RALPH R. BEISTLINE
                               UNITED STATES DISTRICT JUDGE
```

---

faith." Id. at 7 (citing Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co., 90 Cal. App. 4th 335, 347-348 (Cal. App. 2d 2001)(emphasis added)). In addition, even if Plaintiff's complaint could be construed as alleging an unreasonable delay in scheduling an arbitration hearing (the Court notes a delay does not a contract violation make), which hearing she repeatedly demanded, the undisputed facts demonstrate any and/or all delay was due to the fact that Plaintiff was still undergoing treatment for her injuries, which treatment lasted approximately three years, at the time of her demand(s). See Docket 18 at 5-6. After Defendant completed its investigation, and in good faith, it tendered a settlement offer. Id. at 6.