IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HAT,<br><br>       Plaintiff,<br><br>vs.<br><br>DEPOSITORS INSURANCE COMPANY and DOES 1-100,<br><br>       Defendants. | Case No. 2:07-cv-745-RRB-GGH<br><br>**<u>ORDER REGARDING<br>PENDING MOTIONS</u>** |

    Before the Court are a number of pre-trial motions which the Court addresses below.

    At **Docket 49** is Defendant's Motion to Bifurcate Trial. The motion is opposed by Plaintiff at Docket 56 and Defendant replies at Docket 71. The motion is **GRANTED** in part and **DENIED** in part.

    After considering all of the relevant pleadings, the Court concludes that the issues relating to breach of contract and bad faith on the part of Defendant shall be tried together and resolved by the jury. If the jury finds in favor of Plaintiff, the issue of punitive damages will be immediately presented to the same jury, providing that the Court concludes that sufficient evidence exists to do so.

At **Docket 52-1** is Defendant's **Motion in Limine No. 1** to Preclude Evidence or Argument Re: Delay in Handling Plaintiff's Uninsured Motorist Claim. The motion is opposed at Docket 57 and Defendant replies at Docket 70.

The primary issue in this case appears to be whether Defendant unreasonably delayed and/or handled Plaintiff's Uninsured Motorist claim to Plaintiff's detriment. This is a jury question. Defendant's request that the Court summarily preclude Plaintiff from arguing that there was "delay" in handling Plaintiff's Uninsured Motorist claim is therefore **DENIED.**

At **Docket 52-6** is Defendant's **Motion in Limine No. 2** to Preclude Evidence or Argument that Plaintiff is Entitled to Additional Policy Benefits. The motion is opposed at Docket 58 and Defendant replies at Docket 70-1.

There is no question that the parties settled the underlying Uninsured Motorist claim for $350,000 at a time when both parties were represented by counsel, after considerable negotiations, and for good and valuable consideration. It would be inappropriate, and in violation of the parties' previous agreement, to permit Plaintiff to now argue entitlement to more under the policy. Defendant's Motion in Limine No. 2 is therefore **GRANTED**. However, if Plaintiff is able to establish punitive damages, this argument might be used in assessing damages.

At **Docket 52-8** is Defendant's **Motion in Limine No. 3** to Preclude Argument that Depositors Attempted to Force Plaintiff to Waive Her Extra-Contractual Rights.  Plaintiff opposes at Docket 59 and Defendant replies at Docket 70-2.

There is nothing in the settlement documents to suggest that Defendant attempted to force Plaintiff to waive her extra-contractual rights.  Moreover, when Plaintiff sought clarification of this issue it was made clear that the settlement offer was **not** intended to include a waiver of extra-contractual rights.  To suggest that this was intended by Defendant, absent more specific evidence, requires more speculation than the jury should be permitted to engage in. Defendant's Motion in Limine No. 3 is therefore **GRANTED.**

At **Docket 52-9** is Defendant's **Motion in Limine No. 4** to Preclude Evidence Or Argument Re: Depositors Alleged "Forcing" Plaintiff to Retain Counsel.  The motion is opposed at Docket 60 and Defendant replies at Docket 70-3.

This issue has nothing to do with the matter of attorney fees. Further, there is no evidence that Defendant "forced" Plaintiff to retain counsel.  Plaintiff apparently did so on her on volition. While she may testify as to what was in her mind at the time, given the state of the evidence, it is too much to argue that Defendant

actually forced this course of action. Defendant's Motion in Limine No. 4 is therefore **GRANTED.**

At **Docket 52-11** is Defendant's **Motion in Limine No. 5** to Preclude Evidence or Argument Re "Harassing" Discovery.  Plaintiff opposes at Docket 61 and Defendant replies at Docket 70-4.

The Court is not prepared, given the present state of the evidence, to conclusively resolve this issue at present.  This argument cannot, however, be made in opening statement and must await development of supporting evidence. Defendant's Motion in Limine No. 5 is therefore **GRANTED** without prejudice to Plaintiff to bring up the issue again.

At **Docket 52-13** is Defendant's **Motion in Limine No. 6** to Preclude Evidence or Argument that Depositors' Offers of Settlement are Evidence Liability.  The settlement history leading up to the final settlement is a part of the overall picture the jury needs to see and is relevant to the issue of Defendant's alleged bad faith. The parties are free to argue from this whatever they feel to be the case. Defendant's Motion in Limine No. 6 is therefore **DENIED.**

At **Docket 52-14** is Defendant's **Motion in Limine No. 7** to Exclude Evidence of Depositors' Net Worth, Financial Condition or Profits Derived from Allegedly Wrongful Conduct Absent Prima Facie Showing of Entitlement to Punitive Damages.  Plaintiff opposes at Docket 63 and Defendant replies at Docket 70-6.

The issue of punitive damages will be addressed, if at all, subsequent to any verdict with regard to contract and bad faith. Damage testimony regarding punitive damages will be limited to the later portion of the trial.  Motion in Limine No. 7 is therefore **GRANTED.**

At **Docket 52-15** is a Declaration in Support of Motion in Limine No. 8, which was to Exclude Depositor's Pleadings, Motions, and Litigation Conduct as Evidence of Bad Faith, but there was no Motion in Limine No. 8 filed.

At **Docket 52-17** is Defendant's **Motion in Limine No. 9** to Exclude Witnesses From Courtroom prior to Their Testimony. The motion is not opposed by Plaintiff and is therefore **GRANTED.**

At **Docket 52-18** is Defendant's **Motion in Limine No. 10** to Preclude Evidence as to the Sizes of the Law Firms Representing the Parties.  Plaintiff opposes at Docket 66 and Defendant replies at Docket 70-7.

The size of the various law firms appears to be irrelevant on its face. Motion in Limine No. 10 is therefore **GRANTED.**

**IT IS SO ORDERED**.

ENTERED this 28th day of September, 2010.

         S/RALPH R. BEISTLINE
         UNITED STATES DISTRICT JUDGE